GREGORIO CINTRÓN, Plaintiff and Appellant, v. PORTO RICO RAILWAY, LIGHT & POWER Co., Defendant and Appellee.

No. 5844. Argued January 11, 1934.—Decided January 24, 1934.

Angel A. Vázquez for appellant.   J. H. Brown, C. Ruiz Nazario, and G. E. González for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Gregorio Cintrón was prosecuted for a violation of section 440 of the Penal Code and acquitted. He then brought an action for malicious prosecution and appeals from an adverse judgment.

Cintrón, at the time of his contract with the Porto Rico Railway Light & Power Company, was the owner of a small store and café. An investigation made a year or more later showed that the current or a part thereof had been diverted and prevented from passing through the meter by a ground wire, jumper or some such device. There was no doubt about the corpus delicti. There was evidence tending to show that some months or perhaps a year before the commencement of the criminal action, Cintrón had sold his business to his father in law, Celestino Caraballo. The district judge refused to admit a private document or bill of sale as evidence of this transaction and more particularly as to the date thereof. This ruling is assigned as error.

The main question, as usual in such cases, was the question of probable cause. Cintrón did not withdraw his deposit

with the light and power company after the alleged sale of his business. All subsequent payments were made in the name of Cintrón and receipt thereof was acknowledged as having been made by him. The contract was not transferable. When the fraud was discovered, it was Cintrón, not Caraballo, who attempted to settle with the company. Caraballo testified that he had not tampered with the wiring. A sign painted across the front of the building in which the business was conducted proclaimed Cintrón to be the owner of the business. There was some conflict in the testimony as to whether the light and power company had been informed of any change in ownership or management. The district judge found that plaintiff had failed to establish the existence of malice or the want of probable cause and was of the opinion that Cintrón had been quite fortunate in obtaining an acquittal. Obviously the bill of sale, if it had been admitted in evidence, would not have affected the result and the error, if any, in excluding it would not, without more, justify a reversal.

We find no manifest error in the weighing of the evidence and no abuse of discretion in awarding costs to defendant.

The judgment appealed from must be affirmed.